In the Matter of the Proceedings against WILLIAM F. SUGLIA, a Judge of the Criminal Court of the City of New York, Respondent.

First Department, April 22, 1971.

*James M. LaRossa* for respondent.

*Per Curiam.* This is a proceeding pursuant to subdivision i of section 22 of article VI of the New York State Constitution. The proceeding followed a complaint made to the Commissioner of Investigation and referred by him to this court. This court referred the complaint to its Judiciary Relations Committee (Rules of the App. Div., 1st Dept.; 22 NYCRR Part 607) which, on the basis of the complaint, formulated two charges against respondent. After due notice and a hearing upon which respondent was accorded due process, the committee found that the second charge was supported by the evidence. Upon the record of the hearing, this court formulated a charge with detailed specifications of fact. Respondent, after service, admitted each of the facts in the charge, waived a public hearing and elected to stand upon the record without adducing any further proof.

The record reveals many points of difference between the testimony of the complainant and that of respondent. Taking only those facts which are common to both versions, the following is revealed. Respondent, a Judge of the Criminal Court of the City of New York, was assigned to hold the Arraignment Part

of that court for New York County on the evening of February 22, 1970. During the course of that evening the complainant informed him that her son had been arrested on a charge of possession of marijuana and was scheduled for arraignment that evening. Sometime that same evening she also informed him that she was an employee of the court. He assured her that in the usual course her son would be released without bail pending further disposition.

Also that same evening, complainant and respondent were in the elevator of the building and rode up to the fourth floor, where the Judge's chambers were located. The chambers were in a portion of the building to which the public was not admitted. Respondent admitted complainant to his chambers and also allowed her to go out on the balcony which adjoined them. On her return, there was a personal contact, variously described as an embrace and an endeavor to soothe the complainant's condition, upset by her son's arrest.

Thereafter complainant's son was released without bail pending a hearing. Complainant made several telephone calls to respondent, ostensibly to discuss her son's case, in the course of the last of which respondent agreed to meet her for further discussion and possibly to have a drink. The meeting never took place.

The distinction between the respective versions of what took place would have to do mostly with how respondent's conduct is to be regarded. A single instance will serve to illustrate this. Respondent claims that complainant first introduced herself and stated her problem at the threshold of the robing room and that he met her thereafter coincidentally in the elevator. The complainant testified that the first encounter was in the elevator and that she disclosed neither her problem nor her connection with the court until after she was in the chambers.

We find it unnecessary to resolve these differences. In the disposition of the matter before him there is absolutely nothing to indicate that respondent in any way deviated from the usual practice in such matters. Nor do we find that, under any version, grounds for removal have been adduced. However, acceptance *in toto* of respondent's account does not exonerate him. Even though the initial encounter may have been completely innocuous, the continued permission of the respondent to the complainant to remain in his presence and his answering her later calls are not easily excused. The appearance from which favored treatment can be deduced, even without real foundation, can be very harmful to the administration of justice. Likewise is providing the opportunity from which an implication of impropriety

could be drawn. No matter how innocent respondent's conduct may have been, it unnecessarily and unwisely put a burden of explanation and justification not only on himself but on the judiciary of which he is an officer.

For these reasons, we believe respondent should be censured.

McNALLY, J. (concurring). I concur in the result. Each and every one of the charges and specifications stand admitted. To recite them with specificity would serve no useful purpose. I credit the testimony of the complainant in every respect and hold the actions of the Judge in the circumstances were inexcusable. The testimony of the Judge standing alone indicates to me that his actions were extremely reprehensible. Whether or not the facts involve wrongdoing, they give all the appearances of wrongdoing and tend to bring the administration of justice into disrepute.

STEVENS, P. J., McGIVERN, STEUER and TILZER, JJ., concur in *Per Curiam* opinion; McNALLY, J., concurs in result in opinion.

Respondent censured.

File sealed and is not to be opened except upon an order of this court. [All concur except McNALLY, J., who dissents.]