■ In the Matter of MARY P. NICHOLS et al., Petitioners, v. HYMAN GAMSO, as Chief Clerk of the Appellate Division of the Supreme Court of the State of New York, First Judicial Department, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department, pursuant to a stipulation of the parties and by order of the Appellate Division, First Department) seeking a judgment directing the respondent to make available for public inspection the file of a disciplinary proceeding against Judge William F. Suglia of the Criminal Court of the City of New York which proceeding terminated in the censure of the Judge. A complaint against Judge Suglia was made to the Commissioner of Investigation and was referred to the Appellate Division, First Department. That court referred the complaint to its Judiciary Relations Committee (Rules of the Appellate Division, First Department; 22 NYCRR Part 607) which formulated the charges against the judge. After due notice and a hearing upon which Judge Suglia was afforded due process, the committee found one of the charges supported by the evidence. Upon the record of that hearing, the Appellate Division, First Department formulated a charge with detailed specifications. After service, Judge Suglia admitted the charge in its entirety, waived a hearing and elected to stand upon the record of the Judiciary Relations Committee, without adducing further proof. The Appellate Division, First Department censured Judge Suglia and ordered that the file be sealed and opened only upon its further order (*Matter of Suglia,* 36 A D 2d 326). The petitioner, a journalist, and her newspaper seek access to the file. The respondent, relying on a departmental rule (22 NYCRR 607.8), contends that the file in the disciplinary proceeding is not a public record and is not available, except in the discretion of the court. The respondent also urges that a court has inherent power to seal its record in a proper case. Respondent's reliance upon rule 607.8 of the Rules of the First Department is misplaced since that rule applies only to proceedings before the Judiciary Relations Committee. Furthermore, we find that his contention with respect to the inherent power of the court to seal its own records unpersuasive. While subdivision 10 of section 90 of the Judiciary Law refers to proceedings concerning attorneys, a fair reading makes its provisions applicable to members of the Judiciary as well and its application would make the records of a disciplinary proceeding against a Judge public when the charges are sustained. Buttressing this conclusion is the fact that despite ample opportunity to include provisions for the confidentiality of such proceedings in the Judiciary Law wherein explicit provision is made for confidentiality in certain proceedings, the Legislature has failed to do so, thus evincing a clear intent to keep such proceedings public. Our conclusion is additionally supported by the fact that proceedings before the Court on the Judiciary (N. Y. Const., art. VI, § 22) are public. (*Matter of Schweitzer,* 29 N Y 2d [a], rule III, at p. [e].) As the Court of Appeals stated in *Matter of New York Post Corp.* v. *Leibowitz* (2 N Y 2d 677, 684): " The clear import of the constitutional mandate [N. Y. Const., art. VI, § 22] is that neither the legislature nor the courts may unrea-

sonably curtail or restrict free access by all persons to judicial opinions and decisions. * * * Without access to the official records, the press might well be hampered in reporting opinions or decisions for fear of transgressing the limitations imposed by the law of libel, that the report be a 'fair and true' one ". Judgment granted in favor of petitioner, without costs, directing respondent to make the file of the Appellate Division, First Department, in *Matter of Suglia* (36 A D 2d 326, *supra*) available for public inspection. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Main, JJ., concur.