[603 NYS2d 530]

In the Matter of IRVING W. LEVINE (Admitted as ISIDORE LEVINE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 8, 1993

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

*Nathan R. Sobel,* Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained two charges of professional misconduct against the respondent. The petitioner moves to confirm the report of the Special Referee. The respondent opposes the motion to confirm and requests that the findings of the Special Referee be disaffirmed and the proceeding dismissed.

Charge One alleges that the respondent, while a Judge of the Civil Court of the City of New York, prejudiced the due administration of justice by improperly agreeing to adjourn a case then pending before him. On or about December 3, 1985, the respondent met with Meade Esposito for breakfast at Junior's Restaurant in Brooklyn, New York. The respondent and Mr. Esposito discussed a case which the respondent knew was then pending before him, *2121 Emmons Ave. Corp. v Randazzo Clam Bar* (hereinafter referred to as the *Randazzo* case). Mr. Esposito informed the respondent that a close friend of his was a defendant in that case and needed a three-month adjournment. The respondent failed to advise Mr. Esposito that it would be improper to discuss this case any further or that, because of the request for an adjournment, the respondent would have to disqualify himself from any further involvement with the *Randazzo* case. Rather, the respondent informed Mr. Esposito that he would adjourn the *Randazzo* case pursuant to Mr. Esposito's request. The respondent failed to disqualify himself from any further involvement with the *Randazzo* case or to inform the parties or their attorneys about his improper discussion with Mr. Esposito, the request for a three-month adjournment, or the respondent's agreement to grant that request.

After meeting with Mr. Esposito and discussing the *Randazzo* case earlier in the day, the respondent presided over that case. On or about December 3, 1985, the attorneys for both sides in the *Randazzo* case requested an adjournment, which the respondent granted.

The respondent presided over the *Randazzo* case on December 17, 1985, January 27, February 24 and March 13, 1986. On each date, the respondent failed to disqualify himself or to inform the parties of his improper conduct with respect to Mr. Esposito.

Charge Two alleges that the respondent knowingly made false statements to agents of the Federal Bureau of Investiga-

tion (hereinafter the FBI). On or about June 2, 1986, two agents from the FBI, acting in the course of an official investigation, met with the respondent and asked him if he had met with Mr. Esposito on December 3, 1985 and if the case involving Mr. Esposito's friend was discussed. The respondent falsely informed the agents that he did not recall what was discussed at the December 3, 1985 meeting with Mr. Esposito and that he had not discussed the *Randazzo* case or any case involving Mr. Esposito's friend.

After reviewing all of the evidence adduced, including the agreed statement of facts upon which the findings of the Commission on Judicial Conduct were based, we conclude that the Special Referee properly sustained the two charges of professional misconduct against the respondent. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have taken into consideration the mitigating circumstances advanced by the respondent, including the facts that the respondent did not act out of personal gain and that the misconduct alleged constituted an isolated instance in an otherwise unblemished career. As set forth in the determination of the Commission on Judicial Conduct, after initially giving a false statement to the FBI to protect Mr. Esposito, the respondent later met with the FBI and made full disclosure of the facts of his meeting with Mr. Esposito. Under the circumstances, the respondent is censured for his professional misconduct.

BRACKEN, J. P., BALLETTA, EIBER, COPERTINO and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Irving W. Levine, is hereby censured for his misconduct.