[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 474.]

OFFICE OF DISCIPLINARY COUNSEL *v.* MEDLEY.

[Cite as *Disciplinary Counsel v. Medley*, 2001-Ohio-1592.]

*Judges—Misconduct—Public reprimand—Failing to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary—Failing to disqualify oneself from a proceeding in which impartiality could reasonably be questioned—Failing to avoid impropriety and the appearance of impropriety in all activities.*

(No. 01-749—Submitted July 17, 2001—Decided October 24, 2001.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-72.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 1} On August 3, 2000, relator, Office of Disciplinary Counsel, brought a three-count complaint against respondent, Judge William S. Medley of Gallipolis, Ohio, Attorney Registration No. 0031001. The complaint alleged that respondent had violated Canons 1, 2, 3(B)(7), 3(E)(1), and 4 of the Code of Judicial Conduct. Respondent answered, and the matter was considered by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on February 22, 2001. The panel considered stipulations of fact, testimony submitted at the hearing, and affidavits and letters shedding light on respondent's character and reputation in the community. The panel concluded that no violations of the Code of Judicial Conduct had occurred with respect to Counts I and III of the complaint. However, it did find violations of Canon 3(E)(1) and Canon 4 as alleged in Count II of the complaint. The board then adopted the panel's findings of fact and conclusions of law, but also found that respondent had violated Canon 2. The board agreed with the panel's recommended sanction of a public reprimand.

{¶ 2} Respondent was admitted to practice law in the state of Ohio on November 7, 1980. He is the sole judge on the Gallipolis Municipal Court. Respondent contends that his actions do not constitute violations of the Code of Judicial Conduct and that even if they do, the violations were not so egregious as to warrant a sanction. In support of these arguments, respondent noted that members of his community had submitted letters and affidavits attesting to his high moral character, broad community involvement, and clear commitment to the judiciary. Also, respondent went to great lengths to explain his efforts to improve the judicial system in his community.

{¶ 3} Count I of the complaint relates to the arrest of Gerald Burns on April 3, 1999, by the Gallipolis Police Department. Subsequent to the arrest of Burns, respondent received a telephone call at his home regarding the incident. Respondent called authorities at the police station to inquire about the arrest and then spoke with Burns. He agreed to adjourn his arraignment to a later date in order to facilitate Burns's out-of-town work schedule and released Burns on a recognizance bond. Respondent later presided over a preliminary hearing relating to this matter, on the basis of which he granted a motion to dismiss the charge against Burns.

{¶ 4} Count II of relator's complaint stems from the September 27, 1998 arrest of Tracy Grate on a DUI charge. After she was booked on this charge, Grate contacted respondent by telephone. Grate knew respondent because she had been a defendant in his court on two previous occasions. Respondent picked up Grate at the police station and drove her home, but at no time did they discuss her case.

{¶ 5} On December 9, 1998, Tracy Grate's case was set for trial before respondent. Shortly before this date, both Grate's attorney and the solicitor for the city of Gallipolis learned for the first time of respondent's assistance to Grate on the date of the arrest. Believing that respondent would have to recuse himself from the case, the two attorneys entered into plea negotiations. As a result, Grate entered

a guilty plea to reduced charges. Respondent accepted the plea agreement, sentenced Grate to six months in jail, suspended the jail sentence, and placed her on five years' probation conditioned on attendance at a DUI school and completion of a GED program.

{¶ 6} The actions surrounding Count III of the complaint occurred on July 7, 1994. On that date, Lyle Sheets was arrested for DUI and driving while his license was under suspension. The police called respondent and asked him to help move Sheets's motorcycle from the scene of the arrest. Respondent was driven to the scene of the arrest by an officer and drove the motorcycle back to the police station. On January 13, 1995, after accepting a plea agreement to the charges against Sheets, respondent sentenced Sheets to one year of probation, an $800 fine, and ten days in jail.

{¶ 7} We adopt the board's findings and conclusions that respondent violated Canon 2, Canon 3(E)(1), and Canon 4 of the Code of Judicial Conduct with respect to the allegations of Count II of the complaint. We also adopt the recommended sanction of the board and issue a public reprimand for these violations.

{¶ 8} In determining whether the relator in a disciplinary proceeding has proven violations of the Code of Judicial Conduct involving the appearance of impropriety or partiality by clear and convincing evidence, an objective standard is to be applied to the conduct of the respondent. *In re Complaint Against Harper* (1996), 77 Ohio St.3d 211, 218, 673 N.E.2d 1253, 1260. Under this objective standard, inappropriate actions include " 'conduct which would appear to an objective observer to be not only unjudicial but prejudicial to public esteem for the judicial office.' " *Id.*, quoting *In re Kneifl* (1984), 217 Neb. 472, 475, 351 N.W.2d 693, 695-696.

{¶ 9} Applying this standard, we agree with the board that relator has not proven by clear and convincing evidence any violations with respect to Counts I

and III of the complaint. Although respondent acted improvidently by having these contacts with Burns and Sheets, relator has failed to demonstrate that the acts were clear violations of ethical mandates. Count I and Count III of the complaint were properly dismissed by the board.

{¶ 10} However, in regard to Count II of the complaint, we find that violations of the Code of Judicial Conduct did occur. Specifically, we agree with the board's findings that respondent's actions with respect to his handling of Tracy Grate constitute violations of Canon 2, Canon 3(E)(1), and Canon 4 of the Code of Judicial Conduct. What distinguishes this situation from the others discussed above is that the judge's conduct here is much more egregious. Respondent not only talked to a newly arrested person over the telephone but also picked her up and drove her home. Respondent has clearly violated Canon 2, which requires a judge to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary. The fact that respondent and Grate did not discuss the facts or merits of her case is immaterial. The sight or thought of a judge providing a ride home to a person who has just been detained for breaking the law surely gives the impression of bias on the judge's part when it comes time to hear that case. This act also gives an impression of impropriety, in violation of Canon 4, by making it appear that Grate would be subject to special treatment.

{¶ 11} Respondent also exercised flawed judgment when he did not rectify the situation by recusing himself from the case. This is an obvious violation of Canon 3(E)(1), which calls for a judge to disqualify himself or herself in a proceeding in which his or her impartiality could reasonably be questioned. Undoubtedly it was reasonable for respondent to assume that his actions could throw doubt on his impartiality in the mind of an objective observer.

{¶ 12} We now turn to the question of the appropriate sanction for this misconduct. "When deciding what sanctions to impose, we consider the duties violated, respondent's mental state, the injury caused, the existence of aggravating

or mitigating circumstances, and applicable precedent." *Disciplinary Counsel v. Evans* (2000), 89 Ohio St.3d 497, 501, 733 N.E.2d 609, 613. Regarding respondent's mental state, respondent testified that he is well aware of the importance of his position and his place in the community. In undertaking an active judicial role in the small town that he serves, it appears that respondent was a bit overzealous. As for the injury caused by respondent's actions, there is now probably reduced esteem for the bench for at least some members of the community. However, it does not appear that his actions in the Grate case resulted in an injury to either party, so this weighs in favor of respondent.

{¶ 13} The Rules for the Government of the Bar, Rules and Regulations Governing Procedure on Complaints and Hearings, Section 10, provides guidance on aggravating and mitigating factors that should be considered when imposing sanctions on lawyers. We find no evidence of any aggravating circumstances that would lead us to increase the sanction against respondent. He has no prior disciplinary offenses or any demonstrated pattern of misconduct. He has completely cooperated in the investigation of his conduct and has acknowledged the wrongful nature of his actions. In mitigation, the judge has taken steps to change his behavior by screening his calls at home in an effort to avoid the pitfalls of his past. The board also found that there were no dishonest or selfish motives behind his acts. Respondent has submitted exemplary references as to his good character and fine reputation in his community.

{¶ 14} We are aware of no past Ohio case law directly on point to guide us as applicable precedent. However, we find instructive the conclusions of the courts of the state of New York when dealing with similar facts in *In re Levine* (1993), 193 A.D.2d 296, 603 N.Y.S.2d 530 (judge publicly censured for having dinner with a friend of a defendant in a pending civil case), and *In re Suglia* (1971), 36 A.D.2d 326, 320 N.Y.S.2d 352 (judge publicly censured for engaging in *ex parte* communications with a court employee who was the mother of a criminal defendant

appearing before the judge). Accordingly, we find that a public reprimand is the appropriate sanction.

**{¶ 15}** Taking all relevant factors into consideration, we hold that respondent has violated Canon 2, Canon 3(E)(1), and Canon 4 of the Code of Judicial Conduct, and we impose a public reprimand. Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS and RESNICK, JJ., concur.

MOYER, C.J., AND COOK, J., concur in part and dissent in part.

LUNDBERG STRATTON, J., concurs in part and dissents in part.

PFEIFER, J., dissents and would dismiss the cause.

————————————

**COOK, J., concurring in part and dissenting in part.**

**{¶ 16}** I agree with the majority that a public reprimand is the appropriate sanction for Judge Medley's conduct. Unlike the majority, however, I would also reprimand Judge Medley for the actions alleged in Count I of the relator's complaint. The record establishes that Judge Medley telephoned Burns at the police station and spoke to him about the events leading to Burns's arrest. Judge Medley then released Burns on a recognizance bond without discussing the matter with either the prosecutor or the arresting officer. This *ex parte* contact violated Canon 3(B)(7) of the Code of Judicial Conduct (judge shall not initiate, receive, permit, or consider communications made to the judge outside the presence of the parties or their representatives concerning a pending or impending proceeding) and also warrants a public reprimand.

MOYER, C.J., concurs in the foregoing opinion.

————————————

**LUNDBERG STRATTON, J.**, **concurring in part and dissenting in part.**

**{¶ 17}** I concur with the majority except with regard to its holding that there was insufficient evidence to prove a violation of Canon 3(B)(7) or Canon 4 of the

6

Code of Judicial Conduct in Count One of the complaint. I join Justice Cook's dissent finding that respondent violated Canon 3(B)(7) of the Code of Judicial Conduct. I also dissent separately because I believe that respondent has also violated Canon 4 of the Code of Judicial Conduct.

{¶ 18} Canon 4 states, "A judge shall avoid impropriety and the appearance of impropriety in all the judge's activities." Although the respondent may have had the authority to release Burns from jail on his own recognizance, the circumstances under which Burns was released raised the appearance of impropriety.

{¶ 19} The respondent makes it a practice to review cases over the weekend of persons arrested on a Friday because he believes that everyone deserves to have his or her case reviewed within forty-eight hours. The respondent released Burns and continued his arraignment pursuant to a mere phone conversation with Burns without consulting the arresting officer or the prosecutor and without knowing the exact charges against Burns. These facts, along with respondent's acquaintance with Burns, raise the appearance of impropriety.

{¶ 20} Therefore, with regard to Count One of the complaint, I would also find that respondent violated Canon 3(B)(7) and Canon 4 of the Code of Judicial Conduct and issue a reprimand for this conduct as well.

———————————

*Jonathan E. Coughlan*, Disciplinary Counsel, for relator.

*Montgomery, Rennie & Jonson*, *Elizabeth A. McCord* and *Ralph E. Burnham*, for respondent.

———————————