[Cite as *Disciplinary Counsel v. Medley,* 128 Ohio St.3d 317, 2011-Ohio-234.]

DISCIPLINARY COUNSEL *v.* MEDLEY.

[Cite as *Disciplinary Counsel v. Medley,* 128 Ohio St.3d 317, 2011-Ohio-234.]

*Attorneys — Misconduct — Accepting and seeking payment while suspended from judicial position without pay — Indefinite license suspension.*

(No. 2010-1793 — Submitted January 4, 2011 — Decided January 27, 2011.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-024.

—————————————

**Per Curiam**.

{¶ 1}  Respondent, William Scott Medley of Gallipolis, Ohio, Attorney Registration No. 0031001, was admitted to the practice of law in Ohio in 1980. This court publicly reprimanded respondent in 2001. *Disciplinary Counsel v. Medley* (2001), 93 Ohio St.3d 474, 478, 756 N.E.2d 104.  In December 2004, we suspended him from the practice of law in Ohio for 18 months with six months stayed and concurrently suspended him, without pay, from his position as judge of the Probate Court of Gallia County.  *Disciplinary Counsel v. Medley*, 104 Ohio St.3d 251, 2004-Ohio-6402, 819 N.E.2d 273, ¶ 43.  He was reinstated to the practice of law in December 2005.  The Board of Commissioners on Grievances and Discipline has accepted the parties' agreed stipulations and recommends that we indefinitely suspend respondent from the practice of law based upon findings that he cashed state payroll warrants that were erroneously issued during his suspension without pay and made false statements in seeking the reissuance of four expired payroll warrants.  We accept the board's findings of fact and misconduct and indefinitely suspend respondent from the practice of law.  We condition any future petition for reinstatement upon his payment of full restitution to the state of Ohio.

**Misconduct**

**{¶ 2}**   On February 8, 2010, relator, Disciplinary Counsel, filed a one-count complaint alleging that respondent had violated the Code of Professional Responsibility and the Rules of Professional Conduct[1] by cashing state payroll warrants totaling $71,405.04 in gross wages and by making false statements in 2009 claims for the reissuance of four expired payroll warrants.  Those payments were erroneously issued by the state from January to December 2005 while respondent was suspended without pay from his position as a Gallia County probate judge.

**{¶ 3}**   The panel and board accepted the parties' agreed stipulations of fact and agreed that respondent's conduct violated DR 1-102(A)(4) and Prof.Cond.R. 8.4(c) (both prohibiting lawyers from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and DR 1-102(A)(6) and Prof.Cond.R. 8.4(h) (both prohibiting conduct that adversely reflects upon a lawyer's fitness to practice law).

**Sanction**

**{¶ 4}**   In recommending a sanction, the panel and board considered the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").  See *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16.  Consistent with the parties' stipulations, the panel and board found that respondent's prior disciplinary offenses and dishonest or selfish motive were aggravating factors weighing in favor of a greater sanction.  See BCGD Proc.Reg.

---

[1] Relator charged respondent with misconduct pursuant to applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which superseded the Code of Professional Responsibility.

10(B)(1)(a) and (b). They also found, however, that respondent's full and free disclosure during relator's investigation, his cooperative attitude toward the disciplinary proceedings, and his positive character evidence were mitigating factors weighing in favor of a lesser sanction. See BCGD Proc.Reg. 10(B)(2)(c), (d), and (e). In consideration of the respondent's conduct and the applicable aggravating and mitigating factors, the parties have stipulated that the appropriate sanction for respondent's misconduct is an indefinite suspension. The panel and board have accepted this recommendation and further recommend that respondent not be permitted to petition this court for reinstatement until he has paid full restitution to the state of Ohio.[2]

{¶ 5} Although we acknowledge that respondent has cooperated in relator's investigation of this matter, we observe that he did not respond to this court's initial inquiry regarding his receipt of the erroneously issued payroll warrants. Moreover, the two letters that he has submitted from colleagues attesting to his good character and touting his work with the local high school mock trial program are of minimal mitigating value in light of his knowing receipt and retention of $71,405.04 in unearned compensation from the state of Ohio and his initial failure to abide by the terms of his repayment agreement.

{¶ 6} Nonetheless, we agree that an indefinite suspension is the appropriate sanction for respondent's misconduct. Therefore, we adopt the parties' stipulated sanction and indefinitely suspend William Scott Medley from the practice of law in Ohio and condition any future petition for reinstatement upon his payment of full restitution to the state of Ohio. Costs are taxed to respondent.

Judgment accordingly.

---

[2] The parties stipulate that as of September 1, 2010, respondent has repaid $23,500 and has agreed to pay $2,000 per month until the debt is satisfied.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Joseph M. Caligiuri, Senior Assistant Disciplinary Counsel, for relator.

William Scott Medley, pro se.

_____